IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-245-FL-1
NO. 5:17-CV-471-FL

| | | |
|---|---|---|
| MICHAEL DANIEL SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed September 16, 2017. (DE 54). On September 18, 2017, the government filed a response to the motion, waiving all statue of limitations and procedural defenses, and agreeing that petitioner has stated a meritorious claim of actual innocence as to his felon in possession charge. (DE 58). Also pending before the court is the government's motion for revocation of supervised release (DE 40), pursuant to which petitioner was detained on August 7, 2017, in the custody of the United States Marshals Service.

**BACKGROUND**

On February 4, 2008, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner on June 9, 2008, to a term of 120 months imprisonment, followed by a three-year term of supervised release. Petitioner's term of supervision began on February 2, 2016. The probation office filed the instant motion for revocation of supervised release on June 26, 2017, on the basis of charges including assault on a female pending in state court. As noted, petitioner

filed the instant § 2255 motion on September 16, 2017. Petitioner's revocation hearing currently is scheduled for November 6, 2017.

## COURT'S DISCUSSION

In light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking, see 18 U.S.C. § 922(g)(1), and petitioner's conviction must be vacated on the basis of his § 2255 petition. See Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013).

Where the government waives defenses and concedes that petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED. The judgment of conviction and sentence, including term of supervised release, dated June 9, 2008, is VACATED. The motion for revocation of supervised release, accordingly, is DENIED AS MOOT and the revocation hearing is cancelled. The court DIRECTS the United States Marshals Service immediately to release petitioner from federal custody.

SO ORDERED, this the 19th day of September, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge